IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DEREK GLEN AND GARRETT VANDERHEIDES AS OWNERS OF 1989 WELLCRAFT 30 SCARAB PANTHER FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | 8:22CV430<br><br>ORDER |

    This matter is before the Court *sua sponte* after review of the docket and the petitioners' Complaint (Filing No. 1) filed on December 13, 2022.

## BACKGROUND

    Derek Glenn and Garret Vanderheides, Petitioners, owned a 1989 Wellcraft 30 Scarab Panther speed boat ("1989 Wellcraft") used as a "personal pleasure craft." (Compl. ¶¶ 3-5). On May 29, 2022, Petitioners took the 1989 Wellcraft onto the Missouri River near Blair, Nebraska, where it started to take on water and ultimately sank. One passenger, Emma Olsen, went missing and was not rescued. (Compl. ¶¶ 6-7). Petitioners allege the incident was not caused by any fault, neglect, want of care, or design of Petitioners, and that they used due diligence to make the 1989 Wellcraft seaworthy. (Compl. ¶¶ 9-12).

    Petitioners have now filed a Complaint pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et. seq., and within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, seeking exoneration or limitation from liability for any loss, damages, or injury incurred from the May 29, 2022, incident. (Compl. ¶ d). To Petitioners' knowledge, the 1989 Wellcraft, which they value at $23,000 at the time of the casualty, "has not been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident." Petitioners allege they filed their Complaint "less than six months after any written claim," and believe any claims arising out of the incident may exceed the value of the 1989 Wellcraft. (Compl. ¶¶ 13-17). Petitioners request the Court "cause due appraisement to be made" of their interest in the 1989 Wellcraft, and to issue orders approving an ad interim stipulation for value, restraining the institution and/or prosecution of actions arising from the incident, and directing notice to all parties claiming damages stemming from the incident to make proof of their claims. (Compl. ¶¶ a-c).

Petitioners have taken no action in this case aside from filing the Complaint on December 13, 2022, containing the allegations set forth above.

## ANALYSIS

The Limitation of Liability Act ("the Act") allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); see 46 U.S.C. § 30505(a).[1] "The Act, in conjunction with [Supplemental Rule F of Admiralty and Maritime Claims], also allows vessel owners . . . to commence a limitation action to have multiple related claims against them disposed of in a concursus, through a single proceeding." *In re Am. River Transp. Co.*, 800 F.3d 428, 432 (8th Cir. 2015) (citing 46 U.S.C. § 30511 and Fed. R. Civ. P. Supp. R. F)).

Supplemental Rule F of Admiralty and Maritime Claims provides the procedures for a vessel owner-plaintiff to limit his or her liability under the Act. See *Am. Mill. Co. v. Brennan Marine, Inc.*, 623 F.3d 1221, 1224 (8th Cir. 2010) (quoting *Bouchard Transp. Co., Inc. v. Updegraff*, 147 F.3d 1344, 1347 (11th Cir. 1998)); Fed. R. Civ. P. Suppl. R. F. The Act requires the owner of a vessel to bring a civil action to limit liability in a federal district court within six months after a claimant gives written notice of a claim. 46 U.S.C. § 30511(a); Fed. R. Civ. P. Suppl. R. F(1). A vessel owner's complaint filed pursuant to the Act must:

> set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited. The complaint may demand exoneration from as well as limitation of liability. It shall state the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon; whether the vessel was damaged, lost, or abandoned, and, if so, when and where; the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are; and the amount of any pending freight recovered or recoverable. If the plaintiff elects to transfer the plaintiff's interest in the vessel to a trustee, the complaint must further show any prior paramount liens thereon, and what voyages or trips, if any, she has made since the

---

[1] Additionally, § 30506(b) provides a vessel owner's liability may be increased under some circumstances for "claims for personal injury or death" when the "amount of the vessel owner's liability determined under section 30505 . . . is insufficient to pay all losses in full." 46 U.S.C. § 30506(b).

voyage or trip on which the claims sought to be limited arose, and any existing liens arising upon any such subsequent voyage or trip, with the amounts and causes thereof, and the names and addresses of the lienors, so far as known; and whether the vessel sustained any injury upon or by reason of such subsequent voyage or trip.

Fed. R. Civ. P. Suppl. R. F(2).

Both the Act and Rule F(1) require a vessel owner to deposit security before their complaint for limitation of liability can proceed. See 46 U.S.C. § 30511(b); Fed. R. Civ. P. Supp. Adm. R. F(1). There are two options for a vessel owner to provide security. A vessel owner may deposit with the court, for the benefit of claimant, an amount "equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums or approved security therefor as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." Fed. R. Civ. P. Supp. Adm. R. F(1)(a); see § 30511(b)(1). A vessel owner may instead choose to "transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." Fed. R. Civ. P. Supp. Adm. R. F(1)(b); see § 30511(b)(2). The vessel owner must also "give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." If a claimant wishes to challenge the sufficiency of the security "on the ground that [it is] less than the value of the plaintiff's interest in the vessel and pending freight," such claimant may, upon motion, demand that the deposited funds be increased. Fed. R. Civ. P. Supp. F(7). Only after a vessel owner provides such security under § 30511(b) and Rule F(1) can the Court proceed to enjoin further prosecution of any action or proceedings against the vessel owner and begin issuing notice to claimants. See 46 U.S.C. § 30511(c); Fed. R. Civ. P. Suppl. F(3) and F(4).

To date, Petitioners have yet to provide any security to accompany the Complaint, although they allege the value of the 1989 Wellcraft at the time of the casualty was $23,000. (Compl. ¶ 13). It appears the petitioners may be requesting the Court order an appraisal of the vessel before security is given, Compl. ¶ a, but the rule is clear — the vessel owner must provide security before the Court can act on a complaint filed pursuant to the Act. See, e.g., *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir. 1979) ("An owner seeking to invoke the Act . . . must deposit with the court an amount equal to the value of his interest in the vessel and its

3

freight or give security for such value."); see also Fed. R. Civ. P. Supp. Adm. R. F(4) (providing the court only issues notice to claimants and enjoins other actions "Upon the owner's compliance with subdivision (1)" of Rule F). Until Petitioners demonstrate they have provided security as required by § 30511(b) and Rule F(1), this Court cannot begin to consider the relief Petitioners seek in their Complaint.

Additionally, a complaint for limitation of liability under the Act must be filed within six months after the vessel owner receives written notice of a claim. 46 U.S.C. § 30511(a); Fed. R. Civ. P. Supp. Adm. R. F(1)(a). No particular format is required for this notice, but it must convey the reasonable possibility of a claim and the reasonable possibility of damages exceeding the vessel's value. *In re Complaint of Rainy Lake Houseboats, Inc.*, No. 14CV1373 (DWF/LIB), 2015 WL 3795786, at *8 (D. Minn. 2015) (citing *In Re RLB Contracting, Inc.*, 773 F.3d 596, 602 (5th Cir. 2014)). A written letter from an attorney regarding a "potential claim" is enough to trigger the statute of limitations. *Matter of Sommer*, No. 20CV2499 (ECT/BRT), 2020 WL 12978934 at *3 (D. Minn. 2020); see also *Matter of Intrepid Marine Towing & Salvage, Inc.*, No. 8:21CV420-CEH-SPF, 2022 WL 3136902 (M.D. Fla. 2022). A vessel owner must provide the court with relevant information regarding potential claims in their complaint to limit liability. See, e.g., *Am. Mill. Co.*, 623 F.3d at 1225.

Here, Petitioner's Complaint alleges the 1989 Wellcraft has not been arrested or attached in any suit. (Compl. ¶ 8). Petitioners generally allege they filed their Complaint "less than six months after any written claim." (Compl. ¶ 16). However, Petitioners did not include any details or information regarding the written claim. Without more information, the Court cannot properly begin to issue the required notice to claimants. See Fed. R. Civ. Supp. Adm. F(4).[2] Petitioners' Complaint also fails to state the amount of the claims, potential claims, or demands. See Fed. R. Civ. Supp. Adm. R. F(2). Since the Complaint fails to detail any written notices of claims received within the statute of limitations, this action cannot proceed.

In sum, Petitioners have provided the Court with inadequate information to determine whether they have complied with all the procedural requirements of 46 U.S.C. § 30501 et. seq. and Supplemental Rule F of the Federal Rules of Civil Procedure. Until Petitioners demonstrate to the

---

[2] Additionally, the vessel-owner must mail a copy of the notice to every known claimant, and in cases involving death, the vessel-owner must mail a copy of such notice to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death. Fed. R. Civ. P. Suppl. R. F(4).

Court that they have complied with such procedural requirements, including providing the required security and details regarding written claims from claimants, this case cannot proceed. Accordingly,

**IT IS ORDERED** that on or before **March 20, 2023**, Petitioners shall:

1) Provide the Court with notice of compliance with 46 U.S.C. § 30501(b)(1) and Fed. R. Civ. P. Supp. Adm. R. F(1)(a) regarding the requirement to provide security; and

2) Provide relevant information regarding any notice of written claims, potential claims, or demands stemming from the incident in question, and any other information required by Fed. R. Civ. Supp. Adm. R. F(2).

3) After Petitioners comply with all necessary requirements under Supplemental Rule F(1) and F(2), they shall file the appropriate motion and proposed Order to effectuate notice to claimants and enjoin proceedings Rule F(3) and F(4).

4) The failure to timely comply with this order may result in dismissal of this action.

Dated this 14th day of February, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge